UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN WILLIAMS,<br><br>         Petitioner,<br>  v.<br><br>BRIAN E. WILLIAMS, SR., *et al.*,<br><br>         Respondents. | Case No. 3:17-cv-00365-HDM-WGC<br><br>ORDER |

Introduction

In this habeas corpus action, brought by Nevada prisoner Nathan Williams, the respondents have filed a motion to dismiss, contending that certain of Williams' claims for habeas relief should be dismissed as procedurally defaulted. The Court will grant the motion to dismiss in part and deny it in part.

Background

On November 13, 2013, Williams was charged by criminal complaint with conspiracy to commit robbery, burglary while in possession of a deadly weapon, robbery with use of a deadly weapon, and assault with a deadly weapon. *See* Criminal Complaint, Exhibit 2 (ECF No. 10-2) (The exhibits cited in this order were filed by Respondents, and are found in the record at ECF Nos. 10, 11, 12 and 18.).

A preliminary hearing was held on October 30 and November 8, 2013. *See* Transcripts of Preliminary Hearing, Exhibits 10, 11 (ECF Nos. 10-10, 10-11). Attorney Blaine Beckstead represented Williams at his preliminary hearing. *See id.* At the

1

conclusion of the preliminary hearing, the justice court bound Williams over to the district court. An information was then filed on November 13, 2013, charging Williams with conspiracy to commit robbery, burglary while in possession of a deadly weapon, robbery with use of a deadly weapon, assault with a deadly weapon, and coercion with use of a deadly weapon. *See* Information, Exhibit 14 (ECF No. 10-14); *see also* Amended Information, Exhibit 16 (ECF No. 10-16).

At a hearing on February 20, 2014, the state district court allowed Beckstead to withdraw, because of conflicts between Williams and Beckstead, and the court appointed attorney John Parris in his stead. *See* Transcript, February 20, 2014, Exhibit 18 (ECF No. 10-18). Soon thereafter, Williams requested permission to represent himself, and, on March 11, 2014, the court granted that motion. *See* Transcript, March 11, 2014, Exhibit 19 (ECF No. 10-19). The court appointed Parris to act as stand-by counsel. *See id.*

Williams' jury trial was conducted between April 14 and 16, 2014. *See* Transcript of Trial, April 14, 2014, Exhibit 56 (ECF No. 11-24); Transcript of Trial, April 15, 2014, Exhibit 26 (ECF No. 10-26); Transcript of Trial, April 16, 2014, Exhibit 27 (ECF No. 10-27). At the trial's conclusion, the jury found Williams guilty of burglary while in possession of a deadly weapon, robbery, assault with a deadly weapon, and coercion. *See* Transcript of Trial, April 16, 2014, Exhibit 27, pp. 99-101 (ECF No. 10-27, pp. 100-102).

Williams was sentenced on July 1, 2014. *See* Transcript of Sentencing, Exhibit 40 (ECF No. 11-8). He was adjudicated an habitual criminal, and was sentenced to: 18 years in prison, with parole eligibility after 6 years, for the burglary while in possession of a deadly weapon; a concurrent sentence of 18 years in prison, with parole eligibility after 6 years, for the robbery; a concurrent sentence of 72 months in prison, with parole eligibility after 28 months, for the assault with a deadly weapon; and a concurrent sentence of 72 months in prison, with parole eligibility after 28 months, for the coercion. *See id.* The judgment of conviction was filed on July 22, 2014. *See* Judgment of Conviction, Exhibit 50 (ECF No. 11-18).

Williams appealed, and counsel was appointed for him on his appeal. *See* Order of Limited Remand for Appointment of Counsel, Exhibit 53 (ECF No. 11-21); Appellant's Opening Brief, Exhibit 88 (ECF No 12-25). The Nevada Supreme Court affirmed the judgment of conviction on March 17, 2016. *See* Order of Affirmance, Exhibit 58 (ECF No. 11-26).

On April 28, 2016, Williams filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 61 (ECF No. 11-29). The state district court denied that petition on August 25, 2016. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 70 (ECF No. 12-7). Williams appealed. *See* Appellant's Informal Brief, Exhibit 77 (ECF No. 12-14). The Nevada Court of Appeals affirmed the denial of Williams' state habeas petition on April 19, 2017. *See* Order of Affirmance, Exhibit 80 (ECF No. 12-17).

On August 16, 2016, Williams filed a petition for writ of habeas corpus in the Nevada Supreme Court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 94 (ECF No. 18-1). The Nevada Supreme Court denied that petition on October 13, 2016, declining to exercise jurisdiction over it. *See* Order Denying Petition, Exhibit 95 (ECF No. 18-2).

This Court received Williams' *pro se* petition for writ of habeas corpus, initiating this action, on June 8, 2017 (ECF No. 6). The Court reads Williams' petition to assert the following grounds for relief:

> 1. Williams' federal constitutional rights were violated because "[t]here wasn't a single black person on the [jury] venire."
>
> 2. Williams' federal constitutional right to a speedy trial was violated.
>
> 3. Williams' federal constitutional rights were violated because of ineffective assistance of his counsel before he began to represent himself, because of ineffective assistance of his stand-by counsel, and because he did not knowingly and voluntarily choose to represent himself.
>
> 4. Williams' federal constitutional rights were violated because of ineffective assistance of his counsel before he began to represent himself, and because of ineffective assistance of counsel on his direct appeal.

3

  5. Williams' federal constitutional rights were violated because there was insufficient evidence presented at trial to support his conviction.

  6. Williams' federal constitutional rights were violated because he was denied discovery of evidence related to false accusations made previously against him by one of the victims in this case, and because he was not allowed to present such evidence at trial.

  7. Williams' federal constitutional rights were violated as a result of prosecutorial misconduct, and abuse of discretion by the trial court.

    a. The prosecution failed to disclose evidence related to false allegations made previously against him by one of the victims in this case.

    b. The trial court prompted Williams' counsel to withdraw.

    c. The prosecutor commented on Williams' decision not to testify, and the trial court did not take any action regarding such comments.

    d. The trial court continued the trial date.

    e. The trial court interrupted Williams' cross-examination of witnesses.

    f. The trial court had Williams removed from the courtroom.

  8. Williams' federal constitutional rights were violated as a result of the cumulative effect of the errors he alleges.

*See* Petition for Writ of Habeas Corpus (ECF No. 6).

On October 3, 2017, the respondents filed a motion to dismiss (ECF No. 9), arguing that Grounds 5, 6 and 7 of Williams' petition are procedurally defaulted and should be dismissed. Williams filed an opposition to the motion to dismiss on February 5, 2018 (ECF No. 21). Respondents filed a reply on April 19, 2018 (ECF No. 24).

Discussion

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims

4

has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

Williams asserted the claims in Grounds 5, 6 and 7 in his state habeas action; he did not assert those claims on his direct appeal. *See* Appellant's Opening Brief, Exhibit 88 (ECF No 12-25); Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 61 (ECF No. 11-29). In his state habeas action, the state district court ruled, as follows, that those claims were procedurally barred, and dismissed them:

> … These claims are waived in the instant proceedings due to a failure to raise them on direct appeal. *See* NRS 34.810(1)(b)(2) (providing that a post-conviction petition must be dismissed if "the grounds for the petition could have been raised in a direct appeal"); NRS 34.724(2) (stating that a post-conviction petition is not a substitute for the remedy of a direct review); *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) ("[C]laims of ineffective assistance of trial and appellate counsel must first be pursued in post-conviction proceeding …. [A]ll other claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be *considered waived in subsequent proceedings*.") (emphasis added).
>
> Defendant fails to show good cause or prejudice that would warrant consideration of these claims on the merits. Accordingly, the Court finds that these claims are dismissed.

5

Findings of Fact, Conclusions of Law and Order, Exhibit 70, pp. 5-6 (ECF No. 12-7, pp. 6-7). The Nevada Court of Appeals affirmed this ruling without discussion. *See* Order of Affirmance, Exhibit 80 (ECF No. 12-17).

The procedural default doctrine applies here. Grounds 5, 6 and 7 of Williams' petition were denied in state court on adequate and independent state procedural grounds.

Williams argues that ineffective assistance of counsel on his direct appeal was cause for the procedural default. *See* Opposition to Motion to Dismiss (ECF No. 21).

For ineffective assistance of appellate counsel to function as cause to excuse a procedural default, the particular claim of ineffective assistance of appellate counsel must be exhausted before the state courts as an independent claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *Murray v. Carrier*, 477 U.S. 478, 489-90 (1986); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988).

In state court, Williams asserted claims of ineffective assistance of appellate counsel, but those claims were conclusory; Williams did not clearly specify what arguments his appellate counsel failed to assert. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 61, p. 7 (ECF No. 11-29, p. 8). ("Jennifer Waldo refused to bring up all the issues I told her to."); Appellant's Informal Brief, Exhibit 77, p. 5 (ECF No. 12-14, p. 5) ("Jennifer Waldo refused to bring up all the issues on Direct Appeal."). However, on the appeal in Williams' state habeas action, the Nevada Court of Appeals did (for reasons that are not clear from the record) address two specific claims of ineffective assistance of appellate counsel: Williams' claim that his appellate counsel was ineffective for not asserting on direct appeal that the prosecution withheld evidence concerning prior false allegations made against him by one of the victims in this case, and Williams' claim that his appellate counsel was ineffective for not asserting on direct appeal that the trial court interrupted his cross-examination of witnesses. *See* Order of Affirmance, Exhibit 80,

pp. 3-5 (ECF No. 12-17, pp. 4-6). Those two claims of ineffective assistance of appellate counsel are exhausted in state court. *See Sandgathe v. Maass*, 314 F.3d 371, 377 (9th Cir. 2002) (claim exhausted where state court opinion actually addressed claim, even though it was not raised in petition). Therefore, those claims of ineffective assistance of appellate counsel could possibly function as cause to excuse the procedural default of the related substantive claims, which, in this case, are asserted in Grounds 6, 7a and 7e. With respect to Grounds 6, 7a and 7e, then, the motion to dismiss will be denied. The denial of the motion to dismiss with regard to these claims is without prejudice to Respondents reasserting the procedural default defense to the claims in their answer. The question of the procedural defaults, and the question whether there is cause and prejudice to overcome the procedural defaults, will be addressed, along with the merits of the claims, after Respondents file their answer.

Regarding Grounds 5, 7b, 7c, 7d and 7f, Williams' claim that the default of those claims was caused by ineffective assistance of Williams' appellate counsel is unexhausted and cannot function as cause to excuse his procedural default. Grounds 5, 7b, 7c, 7d and 7f (as those subclaims are described above) will be dismissed as barred by the procedural default doctrine.

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Brian E. Williams, Sr., for Jo Gentry, on the docket for this case, as the respondent warden.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 9) is **GRANTED IN PART AND DENIED IN PART**. Grounds 5, 7b, 7c, 7d, 7f (as those subclaims are described above) are dismissed. In all other respects the motion to dismiss is denied.

///

///

///

**IT IS FURTHER ORDERED** that, within 90 days from the date of this order, Respondents shall file an answer, responding to the remaining claims in the habeas petition (Grounds 1, 2, 3, 4, 6, 7a, 7e and 8). After Respondents file an answer, Williams will have 60 days to file a reply.

DATED THIS 6th day of August, 2018.

_____
HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE